# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RICHARD WADE KENDRICK** ) | |
| ) | |
| Petitioner, ) | Case No. 7:22CV00431 |
| v. ) | |
| ) | **OPINION** |
| **HAROLD W. CLARKE,** ) | |
| ) | JUDGE JAMES P. JONES |
| Respondent. ) | |

*Richard Wade Kendrick, Pro Se Petitioner; Leanna C. Minix, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Petitioner Richard Wade Kendrick, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his convictions for two misdemeanor counts of destruction of property and two felony counts of wearing a mask in public. Respondent has filed a Motion to Dismiss, to which Kendrick has responded. For the reasons stated below, I find that Kendrick's petition is untimely, and I will grant the Motion to Dismiss.

I.

The factual background of the case is more fully set forth in my Opinion in the related case of *Kendrick v. Edmonds*, No. 7:21CV00505 (W.D. Va. Sept. 28, 2023).

Kendrick was indicted by a grand jury of the Circuit Court of Albemarle Count, Virginia, of eight counts stemming from several incidents of vandalism and

stalking. Kendrick moved to sever the charges, and the cases were resolved by way of a guilty plea and two separate jury trials. The convictions attacked in this case are those prosecuted in the October 2017 first jury trial on four of the severed charges. The jury convicted Kendrick of all four charges and recommended a sentence of nine months incarceration on each. After a sentencing hearing on May 30, 2018, the trial court imposed the sentence recommended by the jury, nine months in jail on each charge, to run consecutively, for a total of 36 months. The court also imposed an additional year on each charge, suspended for one year of supervised probation on each count. The court entered the judgment order on October 18, 2018.

Kendrick appealed these convictions to the Court of Appeals of Virginia, challenging the admissibility of the surveillance camera photos and the sufficiency of the evidence identifying him as the perpetrator. The court denied his appeal in a per curiam opinion on May 1, 2019, and again by a three-judge panel on October 3, 2019. The Supreme Court of Virginia refused his appeal on April 22, 2020. Kendrick did not file a petition for certiorari in the United States Supreme Court.

While his direct appeals were still pending, Kendrick filed a timely petition for habeas corpus in the Circuit Court, Case No. CL19-956, on June 13, 2019.[1] He

---

[1] Kendrick filed another petition on June 28, 2019, CL19-1043, raising additional challenges to the October 2017 convictions. That petition was dismissed as a successive petition under Va. Code Ann. § 8.01-654(B)(2). None of the challenges in that petition have been raised in the current § 2254 petition.

raised 39 issues in his state habeas petition, but none of those issues have been raised in the current federal petition. In a 27-page opinion issued May 6, 2021, the state habeas court found that most of the claims were not cognizable because they had been raised in the trial court or on direct appeal or they should have been raised in the trial court and on direct appeal. The only claims that the habeas court addressed on the merits were Kendrick's claims of ineffective assistance of counsel: The state habeas court dismissed all of those claims as lacking merit. The ineffective assistance of counsel claims in the present federal petition are not the same claims raised in the state habeas court.

Kendrick appealed the May 6, 2021, decision, but erroneously filed his appeal in the Court of Appeals of Virginia, which transferred the case to the Supreme Court of Virginia. On May 31, 2022, the Supreme Court procedurally dismissed the appeal because Kendrick's petition did not contain assignments of error as required by Va. Sup. Ct. R. 5:17(c)(1)(i). On July 29, 2022, Kendrick filed the present habeas petition in this court challenging the four convictions entered after the jury trial on October 17 and 18, 2017. In this petition, he raised the following issues:

1. That his constitutional right to indictment by a grand jury was violated because the indictment named Richard Wade Kendrick, Jr., and Kendrick

is not a "Jr." Further, the trial court's amendment to the indictment, removing the "Jr.", voided the indictment.[2]

2. That defense counsel was ineffective for not moving to dismiss the improper indictment.

3. That Kendrick was denied his constitutional right to confront and cross-examine his accusers when the prosecutor did not introduce testimony from Officers Hickory, Gorfolk, VanDerner, and Detectives Baggett and Wells.

4. That the trial photographs were improperly admitted without the testimony of the camera handler and proof of chain of custody, amounting to allowing a report into evidence without giving the defendant the opportunity to cross examine the one who created the report.

5. That he is actually innocent, and the evidence was insufficient to prove each element of the crimes alleged, because no one saw him commit the crimes, no DNA or fingerprints connected him to the crimes, and the identification from the camera photographs was unreliable.

6. Detective Wycik committed perjury before the grand jury.

---

[2] Kendrick also alleges that the courtroom clerk committed perjury when she read the indictment, because she said that "Richard Wade Kendrick" had been indicted, rather than naming "Richard Wade Kendrick, Jr." Kendrick argues that the officers involved have abducted him by arresting him without an indictment properly naming him.

- 4 -

II.

The federal habeas statutes require a petitioner to file his claim timely, normally within one year from the date on which the judgment complained of "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The statute also provides for tolling of the one-year limitation while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" is pending. 28 U.S.C. § 2244(d)(2). If a petition is filed untimely, three ways exist for a petitioner to avoid the harsh effect of the statute of limitations: statutory tolling, equitable tolling, or actual innocence.

When the Supreme Court of Virginia refused Kendrick's appeal on April 22, 2020, he had 90 days in which to file a petition in the United States Supreme Court. The 90 days expired on July 21, 2020, at which time the state judgment became final

---

[3] Section 2244(d)(1) provides that the one-year runs from the latest of four events: (1) the date the judgment became final, quoted above; (2) the date on which a state-created unconstitutional impediment to filing the action is removed, if the impediment prevented the petitioner from filing earlier; (3) the date on which a new constitutional right was initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered in the exercise of due diligence. Kendrick has not alleged that any of the three alternative sections apply, nor does the record indicate that any section applies other than § 2254(d)(1)(A). Kendrick has not alleged any state-created impediment to filing his petition. His claims rely upon constitutional principles that have long been established. The facts on which his claims are based were known to him at or before the time of trial.

within the meaning of § 2244(d)(1)(A).  That is when the one-year federal habeas statute of limitations would have started running, absent any tolling, and it would have expired on July 21, 2021.

### A. *Statutory Tolling.*

The statute provides for tolling of the limitation period while a properly filed application for State post-conviction relief is pending.  Specifically, "the time during which *a properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  Because Kendrick's state habeas petition was already pending when the state judgment became final, the federal statute of limitations was tolled as long as the properly filed application was pending.

On May 6, 2021, the circuit court dismissed Kendrick's habeas.  Although he attempted to appeal that decision, the Supreme Court of Virginia procedurally dismissed the appeal because his petition did not contain assignments of error, as is required by Va. Sup. Ct. R. 5:17(c)(1)(i).  A petition for appeal that does not contain the appropriate assignments of errors is not "properly filed" and thus does not toll the federal habeas statute of limitations.  *Escalante v. Watson*, 488 F. App'x 694, 698 (4th Cir. 2012) (unpublished).  Accordingly, Kendrick is not entitled to tolling for the time between the circuit court's dismissal of his habeas petition on May 6,

2021, and the procedural dismissal of his appeal on May 22, 2022. *Id.* Taking statutory tolling into account while the habeas was properly pending, the one-year statute of limitations for federal habeas began to run on May 6, 2021, and expired on May 6, 2022. His federal habeas petition was not filed until July 29, 2022, more than two months after the statute of limitations expired.

### B. Equitable Tolling.

The United States Supreme Court has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The court will not address diligence, because Kendrick has not satisfied the extraordinary circumstances requirement. Kendrick has offered no explanation for his untimely filing of this petition. It appears that the untimeliness was caused solely by Kendrick's failure to properly perfect his state habeas appeal. Ignorance of the law is not an extraordinary circumstance nor a basis for equitable tolling, even when a litigant is representing himself. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Because Kendrick has not shown the existence of extraordinary circumstances that prevented him from filing a timely petition, equitable tolling does not save his untimely petition.

### C. Actual Innocence.

In balancing the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Court has recognized a "miscarriage of justice exception" to the statute of limitations when a litigant presents new evidence showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *McQuiggin v. Perkins*, 569 U.S. 383, 393–95 (2013). When a petitioner presents new reliable evidence of innocence, "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," the habeas court must consider the new evidence along with the trial evidence to decide whether, in the absence of constitutional error, petitioner likely would not have been convicted. *Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995).

Kendrick has not offered any new evidence. Evidence is new "only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Instead, Kendrick asserts his actual innocence by rearguing the sufficiency of the evidence to support his conviction, an argument rejected by the trial court and the state appellate courts. He argues the lack of an eyewitness who definitively saw him at the scene of the vandalism and challenges the reliability of the victim's photo identification of him. He emphasizes the absence of DNA, cell phone surveillance, or similar forensic evidence. All these facts were known at the time of trial and do not constitute new evidence of innocence. These arguments could have persuaded a different jury that there was reasonable doubt about Kendrick's guilt, but the jury believed the testimony of the prosecution's witnesses, and the jury's factual findings on conflicting evidence and inferences will not be disturbed unless there is no factual support in the record. Indeed, the testimony of one witness, if believed, is sufficient to support a conviction beyond a reasonable doubt despite contrary evidence. *Nobrega v. Commonwealth*, 628 S.E.2d 922, 927 (Va. 2006).

Not only has Kendrick offered no new evidence in support of his claimed actual innocence, his arguments about the sufficiency of the evidence do not persuade the court that no reasonable could have convicted him. The miscarriage of justice exception does not save his untimely petition.

III.

For the reasons stated, I will dismiss the petition. I decline to issue a certificate of appealability because Kendrick has not made a substantial showing of the denial of a constitutional right.

A separate Final Order will be entered herewith.

DATED: September 28, 2023

/s/ JAMES P. JONES
Senior United States District Judge